IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| NICHOLAS SWEENEY,<br><br>    Plaintiff,<br>vs.<br><br>SINCLAIR CUSTOM HOMES, INC., and MATTHEW S. SINCLAIR, Individually,<br><br>    Defendants. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NICHOLAS SWEENEY ("SWEENEY" or "Plaintiff") sues Defendants, SINCLAIR CUSTOM HOMES, INC. ("SCH"), and MATTHEW S. SINCLAIR, individually ("Mr. Sinclair") (collectively "Defendants"), and states:

**NATURE OF ACTION**

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

**PARTIES**

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. SCH was, and continues to be, a corporation, engaged in the transaction of business in Lee County, Florida, with its principal place of business located at 12195 Matlacha Blvd, Matlacha Isles, FL 33991.

4. Defendant, Mr. Sinclair was, at all times material, the owner and operator of SCH. Upon information and belief, Mr. Sinclair is a resident of Lee County, Florida.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. Defendants are engaged in the business of designing and building custom homes in Lee County. Defendants' business activities within this judicial district are substantial and not isolated.

7. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

8. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employer" and Plaintiff was an "employee" of Defendants.

9. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved though interstate commerce.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

12. At all material times, Plaintiff was "engaged in commerce" and is individually covered under the FLSA. Specifically, a substantial portion of Plaintiff's duties required communication with customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that had once traveled through interstate commerce to perform his work.

13. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by SCH.

**Individual Liability – Defendant Mr. Sinclair**

14. At all times material hereto, Mr. Sinclair was the Owner/Operator of SCH.

15. At all times material, Mr. Sinclair regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of SCH.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of SCH, Mr. Sinclair is an employer as defined by 29 U.S.C. § 201, et. seq.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

17. Plaintiff, Mr. Sweeney, realleges Paragraphs 1 through 16 as if fully stated herein.

18. Defendants hired Plaintiff as a painter on or around August 26, 2021. Plaintiff's employment with Defendants ended on January 18, 2023.

19. As a painter, Plaintiff's primary duties were to paint interior and exterior new construction custom homes.

20. From August 2021 until January 2023, Plaintiff was paid on hourly basis.

21. At all times material, Plaintiff's regular work schedule was five (5) days per week from 7:00 AM until approximately 4:00 PM. Plaintiff also worked on some Saturdays. Plaintiff regularly worked approximately 45 - 55 hours per week.

22. Beginning at the time Plaintiff was hired and continuing through present, Plaintiff worked hours and work weeks in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

23. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants' actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

26. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff, NICHOLAS SWEENEY, respectfully requests the following relief:

    a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

    b. Unpaid overtime compensation;

    c. Liquidated damages;

    d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

    e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: January 27, 2023

    Respectfully submitted,

    /s/ Jason L. Gunter
    Jason L. Gunter
    Fla. Bar No. 0134694
    Email: Jason@GunterFirm.com
    Conor P. Foley
    Fla. Bar No. 111977
    Email: Conor@GunterFirm.com

    **GUNTERFIRM**
    1514 Broadway, Suite 101
    Fort Myers, FL 33901
    Tel: 239.334.7017